BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JILL S. CASSELMAN (Cal. Bar No. 266085)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-0165
        Facsimile: (213) 894-7819
        Email: Jill.Casselman@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAZZMYN OLIVER, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 50,<br><br>*Defendant(s)*. | Case No. 2:25-cv-02026-MWF-JPR<br><br>**ANSWER TO SECOND AMENDED COMPLAINT UNDER FEDERAL TORT CLAIMS ACT** |

COMES NOW the United States of America ("Defendant"), through the undersigned counsel, and, for its Answer to Plaintiff's Second Amended Complaint ("Complaint"), states as follows:

**JURISDICTION AND VENUE**

1. The allegations of Paragraph 1 contain legal conclusions as to jurisdiction to which no response is required.

2. The allegations set forth in Paragraph 2 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that

1

Plaintiff submitted a claim to the Administrative Office of the Courts on or about June 27, 2024, and that said claim was denied via latter dated September 12, 2024. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 2.

3. The allegations set forth in Paragraph 3 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff submitted a claim to the Administrative Office of the Courts on or about June 27, 2024, and that said claim was denied via latter dated September 12, 2024. Except as expressly admitted, Defendant denies all remaining allegations in paragraph 3.

4. The allegations of Paragraph 4 contain legal conclusions as to venue to which no response is required.

5. The allegations of Paragraph 5 contain legal conclusions as to jurisdiction to which no response is required.

**GENERAL ALLEGATIONS**

6. Defendant is without sufficient information to either admit or deny the allegations of paragraph 6, and consequently denies the same.

7. The allegations of Paragraph 7 contain conclusions of law to which no response is required.

8. The allegations of Paragraph 8 contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies that it is "an unknown corporation and/or business entity."

9. Defendant is without sufficient information to either admit or deny the allegations of paragraph 9, and consequently denies the same.

10. Defendant is without sufficient information to either admit or deny the allegations of paragraph 10, and consequently denies the same.

11. The allegations of Paragraph 11 contain conclusions of law to which no response is required.

18. The allegations of Paragraph 18 contain conclusions of law to which no response is required.

2

## FACTUAL BACKGROUND

19. Defendant is without sufficient information to either admit or deny the allegations of paragraph 19, and consequently denies the same.

20. The allegations of Paragraph 20 contain conclusions of law to which no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations of paragraph 20, and consequently denies the same.

21. The allegations of Paragraph 21 are confusing and unintelligible so as to render a cogent response impossible. Defendant consequently denies the same.

22. The allegations of Paragraph 22 contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 22.

23. The allegations of Paragraph 23 contain conclusions of law to which no response is required.

24. The allegations of Paragraph 24 contain conclusions of law to which no response is required.

## FIRST CLAIM FOR RELIEF

25. Defendant incorporates its responses in paragraph 1-24 in response to the allegations in paragraph 25.

26. The allegations of Paragraph 26 contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 26.

27. The allegations of Paragraph 27 contain conclusions of law to which no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations of paragraph 27, and consequently denies the same.

28. The allegations of Paragraph 28 contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the

allegations of paragraph 28.

29.    The allegations of Paragraph 29 contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 29.

30.    The allegations of Paragraph 30 contain conclusions of law to which no response is required.  To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations of paragraph 30, and consequently denies the same.

31.    The allegations of Paragraph 31 contain conclusions of law to which no response is required.

32.    The allegations of Paragraph 32 contain conclusions of law to which no response is required.

33.    The allegations of Paragraph 33 contain conclusions of law to which no response is required.

34.    The allegations of Paragraph 34 contain conclusions of law to which no response is required.  To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations of paragraph 34, and consequently denies the same.

35.    The allegations of Paragraph 35 contain conclusions of law to which no response is required.  To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations of paragraph 35, and consequently denies the same.

## PRAYER FOR RELIEF

36. Defendant denies that Plaintiff is entitled to the relief requested, including subparagraphs (a) through (e), or any relief.

37. Defendant denies that Plaintiff is entitled to the relief requested, particularly any amount in "excess of" the amount stated by her administrative tort claim.

4

**GENERAL DENIAL**

Defendant hereby denies generally and specifically each and every allegation contained in Plaintiff's Complaint that has not been previously admitted, denied, or otherwise answered.

**DEFENSES**

FIRST DEFENSE

Plaintiff is barred from bringing any claim over which the Court lacks subject matter jurisdiction, including claims barred by barred under the Discretionary Function Exception ("DFE") which bars claims against the United States of America that are based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.  28 U.S.C. § 2680(a)

SECOND DEFENSE

To the extent the Complaint fails to state a claim upon which relief can be granted, Plaintiff's claims must be dismissed.

THIRD DEFENSE

Defendant, its agents, and employees exercised due care and diligence in all matters alleged in Plaintiff's Complaint and acted within the applicable standard of care. No act or failure to act by Defendant, or any agent or employee of the United States, was the legal cause of any injury, loss, or damage to Plaintiff.

FOURTH DEFENSE

No negligent or wrongful act or omission of any employee of the United States caused or in any way contributed to the injuries, losses or damages alleged in Plaintiff's Complaint. If any such negligent or wrongful act or omission is found to have existed, any recovery or award of damages must be diminished in proportion to the amount of fault attributable to Plaintiff and/or third parties.

FIFTH DEFENSE

To the extent that Plaintiff's alleged damages were caused in whole or in part by

5

the negligence of parties other than Defendant, and should Defendant be found in any way liable in this matter, Defendant's liability for Plaintiff's noneconomic damages should be allocated to Defendant in direct proportion to Defendant's percentage of fault, if any.

SIXTH DEFENSE

Defendant is not liable for any of Plaintiff's alleged damages that were legally caused in whole, or in part, by Plaintiff's own negligence or the negligence of third parties.

SEVENTH DEFENSE

Defendant is not liable for any pre-existing, intervening, or superseding occurrences that caused, compounded or created Plaintiff's alleged injuries, losses or damages.

EIGHTH DEFENSE

Defendant is not liable for any injuries, losses or damages that Plaintiff failed to mitigate.

NINTH DEFENSE

Plaintiff's recovery, if any, is limited by the provisions of 28 U.S.C. § 2675(b).

TENTH DEFENSE

Plaintiff's damages, if any, must be reduced by any collateral source as permitted by law.

ELEVENTH DEFENSE

Defendant is entitled to an offset for benefits paid or provided to Plaintiff by any agency of the United States or funded by the United States through a state, county, city or other governmental entity.

TWELFTH DEFENSE

Any action brought against the United States of America pursuant to 28 U.S.C. §1346(b), shall be tried by the court without a jury pursuant to the provisions of 28 U.S.C. § 2402.

6

### THIRTEENTH DEFENSE

Plaintiff cannot recover attorney's fees from the United States in this action. 28 U.S.C. § 2412(d)(1)(A).

### FOURTEENTH DEFENSE

Any attorney's fees are taken out of any judgment or settlement and shall not exceed 25 percent of said amount.  28 U.S.C. § 2678.

### FIFTEENTH DEFENSE

Plaintiff is not entitled to either prejudgment or post-judgment interest.  28 U.S.C. § 2674; 31 U.S.C. § 1304.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by California Civil Code section 3333.4.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If the plaintiff was not wearing a seatbelt, the plaintiff's recovery, if any, must be reduced accordingly. *See* CACI 712.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That judgment be entered for Defendant and against Plaintiff;

2. That Plaintiff's Complaint and action be dismissed in its entirety;

3. That Defendant be awarded costs and disbursements in this action; and

4. That the Defendant be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

7

Dated:  August 29, 2025

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation
Section


*/s/ Jill S. Casselman*
JILL S. CASSELMAN
Assistant United States Attorneys

Attorneys for Defendant United States of America

8